UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**AMY L. BARRETT,**

    **Plaintiff,**

v.                                        Case No: 5:19-cv-539-Oc-18PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

As an initial matter, the parties in this matter have consented to the jurisdiction of a magistrate judge. (Doc. 19). In light of this, the Report and Recommendations (Doc. 18) is withdrawn. In its place, the Court enters the following order.

The Commissioner has filed an unopposed motion to remand this case for further proceedings under sentence four of 42 U.S.C. § 405(g). The Commissioner states that on remand, the Commissioner will "further evaluate the claimant's fibromyalgia pursuant to SSR 12-2p; reassess the opinion evidence from the State agency psychological consultants; reconsider the claimant's residual functional capacity; and if warranted, obtain supplemental vocational evidence."

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's

depression did not significantly affect her ability to work). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Therefore, following a careful review of the record and filings, the Court agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, the Commissioner's unopposed motion for entry of judgment with remand (Doc. 17) is **GRANTED**. This action is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[1] for the Commissioner to conduct further proceedings. The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Ocala, Florida on January 21, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] Remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. *Shalala v. Schaefer*, 509 U.S. 292 (1993).